Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8579 | **DATE** | 11/8/2012 |
| **CASE TITLE** | Derrick Anderson (#2012-0809210) vs. Cook County States Attorneys Office, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the instant action is hereby ordered dismissed. All pending dates and motions are hereby stricken as moot. Civil case terminated.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Derrick Anderson's (Anderson) *pro se* motion for leave to proceed *in forma pauperis.* Pursuant to 28 U.S.C. § 1915(e) (Section 1915(e)), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." *Id.* Anderson has filed a complaint *pro se*, and thus the court construes the complaint liberally. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)(stating that "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers").

Anderson indicates in his complaint that he is a defendant in a pending Illinois state court criminal case. Anderson is suing the Cook County State's Attorney and the Office of the Cook County State's Attorney in this case pursuant to 42 U.S.C. § 1983 (Section 1983), contending that the prosecutor in his criminal case is improperly seeking to enhance his sentence based upon an aggravating factor and his prior convictions. Anderson also contends that he is "an innocent man until proven guilty," and that his "rights have been violated. . . ." (Mot. 4-5). Anderson requests that the court "send instructions to the Circuit Court

| STATEMENT |
|---|
| explaining how to go about sentencing," and states that the court "must send instructions so this case can go to trial A.S.A.P."  (Mot. 7).  Section 1983 does not provide a mechanism for a federal court to interfere with an ongoing state criminal proceeding and, pursuant to the *Younger* abstention doctrine, this court lacks jurisdiction to do so.  *SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010)(stating that "[t]he *Younger* doctrine requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings").  Nor has Anderson even alleged any actual constitutional violations.   Therefore, the instant action is dismissed. |